```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :   18CR0041-010 (DLC)
 UNITED STATES OF AMERICA,              :
                                        :   MEMORANDUM OPINION
             -v-                        :        AND ORDER
                                        :
 JAFARI JONES,                          :
                          Defendant.    :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On March 26, 2019, defendant Jafari Jones pleaded guilty to conspiracy to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(b)(1)(B). The defendant was sentenced on June 28. The defendant's plea agreement, presentence investigation report, and judgment of conviction each reflect a sentence including four years of supervised release. At his plea allocution, the defendant was advised that the mandatory minimum term of supervised release was four years, and that the term could be as long as life. The transcript of the sentencing hearing, however, indicates that the Court pronounced a sentence of 84 months' imprisonment to be followed by only three years of supervised release.

On August 9, 2022, the defendant filed a pro se motion to correct the written judgment to reflect a three-year term of supervised release. The Court set a briefing schedule on August 11, ordering the parties to address whether the defendant's motion was time-barred under 28 U.S.C. § 2255(f) or Fed. R. Crim. P.

35(a).  The Government opposed the defendant's request on August 18, and the defendant replied on August 31.

The defendant's motion is untimely under both Fed. R. Crim. P. 35(a) and 28 U.S.C. § 2255(f).  Rule 35, Fed. R. Crim. P., allows the court to "correct a sentence that resulted from arithmetical, technical, or other clear error," but only "[w]ithin 14 days after . . . the oral announcement of the sentence."  Fed. R. Crim. P. 35(a), 35(c); see also United States v. Abreu-Cabrera, 64 F.3d 67, 73 (2d Cir. 1995) (holding that Rule 35's time-limit is jurisdictional).  Similarly, 28 U.S.C. § 2255 allows a prisoner to file a motion to challenge his sentence, but only within one year of "the date on which the judgment of conviction becomes final," barring certain developments of fact or law.  22 U.S.C. § 2255(f)(1); see also Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (finding that, where a defendant did not appeal, a conviction is final under § 2255 after the period for filing a direct appeal expires).

The defendant was sentenced on June 28, 2019, and his conviction became final on July 12, 2019 -- over three years before the defendant filed this motion.  The time limits under Fed. R. Crim. P. 35(a) and 28 U.S.C. § 2255(f) have therefore long since expired.  Additionally, the defendant has not made any showing of "rare and exceptional circumstances" that would justify equitable tolling of § 2255's deadline.  See Martinez v.

Superintendent of E. Corr. Facility, 806 F.3d 27, 31 (2d Cir. 2015) (citation omitted).[1]

The defendant nevertheless argues that the Court may amend the written judgment pursuant to Fed. R. Crim. P. 36, which allows a court to "at any time correct a clerical error in a judgment, order, or other part of the record." The defendant correctly notes the well-established and general proposition that, "in the event of variation between an oral pronounce of sentence and a subsequent written judgment, the oral pronouncement controls." United States v. Rosario, 386 F.3d 166, 168 (2d Cir. 2004). This proposition honors the requirement that the defendant be present "at all critical steps" of his prosecution, including his sentence. Id. at 169. Accordingly, the defendant argues that the written judgment should be amended pursuant to Fed. R. Crim. P. 36 to match the Court's orally pronounced sentence as reflected in the transcript.

Rule 36 allows a court to correct "minor, uncontroversial errors . . . of recitation, of the sort that a clerk or amanuensis

---

[1] The defendant submitted his motion "pursuant to Fed. R. Civ. P. Rule 60(a) and any other Court Rule the Court deems [appropriate] to correct the clerical error." The Rules of Civil Procedure do not apply here because this is a criminal case and not a civil case. Rule 57(b), Fed. R. Crim. P., provides a procedure for "When There Is No Controlling Law," allowing a court to "regulate practice in any manner consistent with federal law." As multiple statutes and rules of criminal procedure govern correction of sentences, however, the Federal Rules of Civil Procedure have no application here. See, e.g. Fed. R. Crim. P. 35, 36; 28 U.S.C. § 2255.

might commit." United States v. Jacques, 6 F.4th 337, 341 (2d Cir. 2021) (citation omitted).  Here, however, the defendant seeks to introduce a substantive error by correcting a clerical one.  As the Court explained at the defendant's plea allocution, the charge to which the defendant pleaded guilty comes with a statutory minimum sentence requiring four years of supervised release.  21 U.S.C. § 841(b)(1)(B).

Rule 36 is intended to preserve judicial resources by preventing the need for an "appeal and remand" to correct the defendant's sentence.  Abreua-Cabrera, 64 F.3d at 71, 74.  Amending the written judgment as the defendant requests here, by contrast, would create a judgment that conflicts with a federal sentencing statute.  Had the defendant timely appealed his conviction, the appeal would have simply confirmed that under governing law he was subject to a 4-year term of supervised release.  The defendant's motion to amend the written judgment is therefore denied.

## Conclusion

The defendant's August 9, 2022 motion to correct the written judgment is denied.  To the extent that this Order qualifies as "the final order in a proceeding under [28 U.S.C. § 2255]," 28 U.S.C. § 2253(c)(1)(B), the defendant has not made a substantial showing of a denial of a federal right and, therefore, a certificate of appealability shall not be granted.  Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski,

135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962).

The Clerk of Court shall mail a copy of this Order to the defendant at USM# 85880-054, USP Big Sandy, USP P.O. Box 2068, Inez, KY 41224.

Dated:  New York, New York
        November 9, 2022

                                        _____
                                                DENISE COTE
                                        United States District Judge